RAY D. ACEVEDO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Acevedo v. Commissioner
Docket Nos. 4414-92, 4740-92, 18326-92
United States Tax Court
T.C. Memo 1993-321; 1993 Tax Ct. Memo LEXIS 322; 66 T.C.M. (CCH) 175; July 20, 1993, Filed *322 Ray D. Acevedo, pro se. For respondent: Lewis J. Abrahams and Amy E. Gross (specially recognized). POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: These consolidated cases were heard pursuant to section 7443A(b) (3) and Rules 180, 181, and 182. [1]
By separate notices of deficiency dated November 25, 1991, December 9, 1991, and June 8, 1992, respondent determined deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec.6651(a) Sec.6653(a)(1)(A) Sec.6653(a)(1)
1987
$ 6,616
$ 1,024
$ 331 - 0 -
1988
5,941
884
-0-
$ 297 1989
6,269
930
-0-
-0-
Year
Sec.6654(a) 1987
-0-
1988
$ 209 1989
232 Respondent also determined an addition to tax in the amount of 50 percent of the interest due on the deficiency for 1987 under section 6653(a)(1)(B). Petitioner timely *323 filed separate petitions with the Court and these cases were consolidated for trial, briefing, and opinion. At the time the petitions were filed, petitioner resided in Woodhaven, New York. Petitioner has the burden of establishing that respondent's determinations are incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner admits that he did not file tax returns for the taxable years 1987, 1988, and 1989. He also admits that he was employed during these years and that he had taxable income during each of the years in issue. Petitioner has not shown that there is any error in respondent's determinations for any of the years before the Court. Rather than disputing respondent's determinations of his tax liability, petitioner contends that respondent has not followed the correct procedure in determining his liability. In his view, respondent should have followed the procedures regarding the making of an assessment. See Subchapter A of Chapter 63, sections 6201 et seq. This is nonsense. Respondent correctly issued notices of deficiency under section 6212 and has followed the procedures contained in Subchapter B of Chapter *324 63, sections 6211 et seq. Accordingly, respondent's determinations of the deficiencies are sustained. With respect to the additions to tax, sections 6653(a)(1) and 6653(a)(1)(A) provide for additions to tax if any part of the underpayment of tax is due to negligence or disregard of the rules or regulations. Section 6653(a)(1)(B) provides for an addition to tax equal to 50 percent of the interest due on that part of the underpayment attributable to negligence. Section 6651(a) provides an addition to tax in the case of the failure to timely file a return unless it is established that the failure was "due to reasonable cause and not due to willful neglect". Sec. 6651(a)(1). Finally, section 6654(a) provides an addition to tax for failure to make estimated payments. Petitioner has not shown that these additions to tax do not apply. There is no question that petitioner failed to make estimated payments. With regard to negligence and failure to file returns, petitioner intentionally charted courses in each year that can only be described most charitably as being directed by willful neglect of the statutes or regulations. Respondent's determinations with respect to the additions *325 to tax are also sustained. At trial, respondent filed a Motion to Impose Damages Pursuant to I.R.C. Sec. 6673 in each case. That section provides, inter alia, that whenever it appears to the Court that a proceeding has been instituted or maintained by a taxpayer "primarily for delay" or a taxpayer's position is "frivolous or groundless," the Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Sec. 6673(a)(1). At the call of the trial calendar, petitioner was warned that, if he persisted in making the arguments that he propounded, the Court would impose damages under section 6673. Petitioner was further informed of the nature of the proceedings before the Court. At trial petitioner acknowledged that there was no support for his position, and that he knew that no court had adopted his position, and yet he persisted. The argument that petitioner advanced is totally frivolous and could be advanced only for the purpose of delaying petitioner's reckoning with respondent. We, therefore, grant respondent's Motions and award the United States a penalty in the amount of $ 1,000 in each case for a total of $ 3,000 under section 6673(a)(1). *326 Appropriate order and decisions will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩